IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT GAMBLE, § | | |
| TDCJ #1155011, § | | |
|     Petitioner, § | | |
| v. § | | CIVIL ACTION NO. H-14-1461 |
| § | | |
| WILLIAMS STEPHENS, Director, § | | |
| Texas Department of Criminal § | | |
| Justice Institutional Division, § | | |
|     Respondent. § | | |

**MEMORANDUM AND ORDER**

On June 3, 2014, the Court issued an order directing Petitioner Robert Gamble ("Gamble") to show cause "why this case should not be dismissed as barred by the governing statute of limitations."  Memorandum And Order To Show Cause [Doc. # 11], at 7.  Gamble filed a Response [Doc. # 13] on June 13, 2014.  Having reviewed the Response, the evidence of record, and the applicable legal authorities, the Court concludes that Gamble's Petition [Doc. # 1] ("Petition") is barred by AEDPA's one-year statute of limitations.  The Court therefore **dismisses** Gamble's Petition.

**I.    BACKGROUND**

On February 25, 2003, a jury in the 262nd District Court of Harris County,

Texas, found Gamble guilty of burglary of a habitation with intent to commit or attempting to commit felony aggravated assault. The Jury sentenced Gamble to thirty years in prison. *State v. Gamble*, No. 937904 (262nd Dist. Ct., Harris County, Tex.). Simultaneously, pursuant to a separate indictment the jury found Gamble guilty of a second charge of burglary of a habitation and sentenced him to a concurrent seventeen-year prison sentence. *State v. Gamble*, No. 937905 (262nd Dist. Ct., Harris County, Tex.).

Gamble filed an appeal in both cases. The First District Court of Appeals affirmed the lower court's judgments on June 10, 2004. *See Gamble v. State*, Nos. 01-03-203-CR & 01-03-00204-CR, 2004 WL 1292787 (Tex. App.—Houston [1st Dist.] June 10, 2004, pet. ref'd). Gamble then filed a petition for discretionary review ("PDR") on both his convictions, which petition the Texas Court of Criminal Appeals ("TCCA") denied on November 10, 2004. *See Gamble v. State*, No. PD-1324-04; *see* TCCA Website, http://www.cca.courts.state.tx.us/.

On or about October 4, 2012, Gamble filed state applications for writs of habeas corpus on both of his convictions (Cause Nos. 937904 and 937905). The TCCA initially held those applications "in abeyance" to allow the trial court time to "make findings of fact and conclusions of law as to whether convictions for both

offenses violate principles of double jeopardy" and "whether the performance of [Gamble's] trial counsel was deficient." *Ex Parte Gamble*, 2012 WL 6629575, at *1 (Tex. Crim. App. Dec. 19, 2012). The TCCA granted the relief Gamble sought in his application contesting his conviction in Cause No. 937905, finding that Gamble "suffered multiple punishments for the same offense" in violation of the Double Jeopardy Clause and the TCCA's decision in *Ex Parte Cavazos*, 203 S.W.3d 333 (Tex. Crim. App. 2006). *See Ex parte Gamble*, 2013 WL 1654931, at *1 (Tex. Crim. App. April 17, 2013). The TCCA therefore ordered that the judgment in Cause No. 937905 be vacated. *Id.* However, the TCCA denied relief regarding Gamble's application challenging his conviction in Cause No. 937904, stating simply that "[a]ll remaining issues challenging the judgment in Cause No. 937904 are denied." *Id.*

Gamble filed a second state habeas application on August 12, 2013 [Doc. # 1, p. 4]. The TCCA denied the application without a written order on October 23, 2013. *Ex parte Gamble*, Writ No. 78,763-02. TCCA Website, http://www.cca.courts.state.tx.us/.

On December 13, 2013, Gamble filed in this Court the pending Petition for a writ of habeas corpus. In this Petition, Gamble complains that: (1) he was denied effective assistance of counsel because his attorney failed to object to the double

jeopardy violation; (2) his conviction was illegally enhanced; (3) he was wrongly denied a new trial after his case was remanded; and (4) the habeas court unreasonably applied the *Strickland* test.  Relief must be denied as barred by the statute of limitations.

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period.  *See* 28 U.S.C. § 2244(d).  Statutory tolling of the limitations period is available, however, for any time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending.  28 U.S.C. § 2244(d)(2).  Only a properly filed "state post-conviction or other collateral review" triggers the statutory tolling of the limitations period.  *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004).   Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). A district court may dismiss a petition as untimely on its own initiative where it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Gamble challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In the case under challenge here, Cause No. 937904, Gamble was found guilty and received a thirty-year prison sentence on February 25, 2003. The TCCA denied his PDR on November 10, 2004. Gamble's conviction became final 90 days later on February 8, 2005. *See Wilson v. Cain*, 564 F.3d 702, 706 (5th Cir. 2009). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on February 8, 2006. Gamble's pending federal habeas corpus petition, filed on December 13, 2013, is well outside the limitations period and is therefore time barred unless the petitioner can show that a statutory or equitable exception applies.

In this case, Gamble filed his two applications for state habeas review over six

years after the one-year limitations period expired. Despite the untimeliness of his state applications, the TCCA granted Gamble habeas relief with respect to Cause No. 937905 and vacated that conviction because the TCCA had issued a decision in an unrelated case that rendered the conviction in Cause No. 937905, Gamble's second conviction, unconstitutional. Gamble accordingly does not here seek federal habeas relief for Cause No. 937905.

Rather, Gamble seeks relief in this Court only on Cause No. 937904. The TCCA denied Gamble's application on that conviction on "all remaining issues." *Ex Parte Gamble*, 2013 WL 1654931, at *1. Gamble's state habeas application on Cause No. 937904 was filed over six years after the federal limitations period expired, and was therefore not "properly filed" in the state court within the limitations period to trigger statutory tolling. Moreover, the issues on which Gamble now seeks habeas relief could have been challenged within the limitations period. Gamble's state application seeking relief on Cause No. 937904 and his subsequent federal petition are unrelated to the Double Jeopardy Clause challenge to Cause No. 937905, which was not available until the intervening TCCA decision was issued after the relevant limitations period expired. The TCCA's decision to consider Gamble's untimely application on Cause No. 937905 did not extend to or otherwise toll the limitations

period for his application challenging his conviction in Cause No. 937904.

In summary, the pendency of Gamble's state application for a writ of habeas corpus before the TCCA in no way alters the fact that the AEDPA limitations period had already expired. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). The state habeas applications were both filed well after the one-year period had elapsed and the filing of those applications do not affect the conclusion that the subsequent federal petition for a writ of habeas corpus is untimely. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir.2000)).

In response to the Court's Order to Show Cause, Gamble argues that AEDPA does not apply in this case because "the state court under Habeas did not conclude its factual findings of all errors resulting from the double jeopardy clause violation." Response, at 2. Gamble's precise argument is unclear but, to the extent Gamble argues that AEDPA is inapplicable, the argument is unfounded. AEDPA's one-year statute of limitations applies to *all* federal habeas corpus petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). Because Gamble filed his Petition on December 20, 2013, well after April 24, 1996, AEDPA applies and the one-year statute of limitations period bars consideration of Gambles's claims.

Gamble also asserts that the state court improperly "enhanced" his sentence based on an aggravated assault conviction for which he was "actually innocent." Response, at 2.[1] Gamble does not assert that he is actually innocent of the conviction in Case No. 937904 challenged here. Even if the state court improperly enhanced Gamble's sentence, Gamble was still required to file his federal habeas challenge within the one-year limitations period, that is, on or before November 10, 2005. *See, e.g.*, *Poullard v. Thaler*, 2010 WL 3219287, at *1-2 (S.D. Tex. Aug. 13, 2010) (Ellison, J.) (dismissing habeas petition as untimely filed where petitioner sought to challenge improper enhancement of his sentence); *Giamalva v. Thaler*, 2009 WL 3831383, at *2-3 (S.D. Tex. Nov. 10, 2009) (Rosenthal, J.) (same); *McCollum v. Quarterman*, 2007 WL 2428293, at *1-2 (S.D. Tex. Aug. 21, 2007) (Lake, J.) (same).

Although Gamble does not address the issue, the Court has also considered whether equitable tolling applies in this case. AEDPA's one-year limitations period is not a jurisdictional bar, but is a statute of limitations which may be tolled "in rare and exceptional circumstances . . . ." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999). "Equitable tolling applies principally

---

[1] Gamble also appears to contest the enhancement because the conviction occurred *after* the conviction under challenge here. The Court cannot and does not reach this issue.

where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. A 'garden variety claim of excusable neglect' does not support equitable tolling." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013). This Court finds that no rare and exceptional circumstances exist in this case and will not equitably toll the limitations period. Indeed, the issues Gamble seeks to raise were (or should have been) known to him during the limitations period. That period expired almost nine years ago.

### III. CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark*, 118 F.3d at 1076 (noting that actions under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2),

which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 437, 484 (2000)). Under the controlling standard, a petitioner is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The Court concludes that reasonable jurists would not debate whether the Petition should have been resolved in a different manner. AEDPA's one-year statute of limitations on federal habeas corpus review is well established. Therefore, a certificate of appealability will not issue in this case.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Petitioner Robert Gamble's Petition [Doc. # 1] is **DISMISSED with prejudice** for failure to timely file within the one-year statute of limitations period.

The Court will issue a separate final judgement.

SIGNED at Houston, Texas, this 30th day of **June, 2014.**

_____
Nancy F. Atlas
United States District Judge