IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT GAMBLE, | § | |
| TDCJ #1155011, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1461 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## **MEMORANDUM AND ORDER**

Petitioner, Robert Gamble, filed a federal petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2254 challenging a state court felony conviction entered against him in Case No. 937904 in 2003. By Memorandum and Order [Doc. # 14] and Dismissal Order [Doc. # 15] entered June 30, 2014, the Court dismissed the Petition as time-barred. The case is now before the Court on Petitioner's "Motion for Federal Civil Rule 60B" ("Motion") [Doc. # 16]. Having reviewed the full record and applied governing legal authorities, the Court **denies** Petitioner's Motion.

### I.    BACKGROUND

Petitioner was found guilty of burglary of a habitation and was sentenced on February 25, 2003, to a term of imprisonment of thirty years in Case No. 937904. *State v. Gamble*, No. 937904 (262nd Dist. Ct., Harris County, Tex.). On that same

date, Petitioner was convicted of burglary of a habitation and sentenced to a concurrent term of imprisonment of seventeen years in a second case, Case No. 937905. The two cases had been tried together.

Gamble filed an appeal from the two convictions, and the Court of Appeals for the First District of Texas affirmed the convictions on June 10, 2004. *Gamble v. State*, 2004 WL 1292787 (Tex. App. – Houston [1st Dist.], June 10, 2004, pet. ref'd). A petition for discretionary review ("PDR") was filed, which the Texas Court of Criminal Appeals denied on November 10, 2004. *Gamble v. State*, No. PD-1324-04.

On October 4, 2012, almost eight years after the Texas Court of Criminal Appeals denied Petitioner's PDR, Gamble filed a state application for a writ of habeas corpus with the trial court. On appeal from the denial of the state petition, the Texas Court of Criminal Appeals granted relief and vacated the conviction and related seventeen-year sentence in Case No. 937905 because it involved the same entry of a habitation as Case No. 937904, thereby constituting double jeopardy. *See Ex Parte Gamble*, 2013 WL 1654931 (Tex. Crim. App. April 17, 2013). The Texas Court of Criminal Appeals denied relief as to Case No. 937904, *see id.*, as it had done in 2004.

Gamble filed his federal Petition on December 13, 2013. Gamble asserted that he was denied effective assistance of counsel because his attorney failed to object to the double jeopardy violation; that his conviction was illegally enhanced; that he was

wrongly denied a new trial after his case was remanded; and that the state habeas court incorrectly evaluated his ineffective assistance of counsel claim. Petitioner does not argue that he is actually innocent of the burglary conviction in Case No. 937904. The Court dismissed the Petition as time-barred by Memorandum and Order and Dismissal Order entered June 30, 2014. Gamble filed the pending Motion on July 18, 2014. The Motion is now ripe for decision.

## II.     RULE 59(e) STANDARD[1]

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly." *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*,

---

[1] Although Petitioner filed his Motion pursuant to Rule 60(b), it was filed within twenty-eight days after entry of the Dismissal Order. Consequently, the Motion is treated under the more lenient standard of Rule 59. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990) (abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)); *Brevious v. Flagstar Bank, FSB*, 2012 WL 1900564, *3 (S.D. Tex. May 24, 2014); *Anglin v. Ceres Gulf, Inc.*, 2011 WL 2604824, *1 (S.D. Tex. June 30, 2011).

303 F.3d 571, 581 (5th Cir. 2002)).  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).  A Rule 59(e) motion "cannot be used to argue a case under a new legal theory."  *Id.* (citing *Ross*, 426 F.3d at 763).

### III.   ANALYSIS

In the June 30, 2014 Memorandum and Order, the Court correctly held that the Petition was subject to a one-year statute of limitations pursuant to 28 U.S.C. § 2244(d).  The Court correctly calculated that Petitioner's conviction in Case No. 937904, the conviction challenged in the Petition, became final for purposes of the statute of limitations on February 8, 2005, ninety days after the Texas Court of Criminal Appeals denied his PDR.  Accordingly, the statute of limitations expired one year later on February 8, 2006.  The Petition was filed December 13, 2013, well after the statute of limitations expired.

Statutory tolling of the limitations period is available for the time during which a properly filed "state post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending.  28 U.S.C. § 2244(d)(2).  In this case,

Petitioner's state application challenging his convictions in Case No. 937904 and Case No. 937905 was filed after the one-year statute of limitations had expired and, therefore, had no tolling effect. "Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year limitations period." *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)).

In his Motion, Petitioner does not assert that the Court erred in ruling that the one-year statute of limitations had expired and that statutory tolling did not apply. Instead, Petitioner primarily argues the merits of his habeas petition, specifically whether a prior conviction was correctly used to enhance his sentence in Case No. 937904. Arguments on the merits of the substantive claims raised in the Petition do not provide a legal or factual basis for granting a Rule 59 motion that challenges a ruling that the Petition is time-barred. *See Warren v. Director, TDCJ-CID*, 2010 WL 5559701, *2 (E.D. Tex. Dec. 30, 2010).

Petitioner argues also that he is entitled to equitable tolling. Even where a federal habeas petitioner is not eligible for statutory tolling, the one-year limitations period can be equitably tolled. *See Clarke v. Radar*, 721 F.3d 339, 344 (5th Cir. 2013). For equitable tolling to apply, "a petitioner has the burden of showing (1) that

he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotations and citations omitted). Generally, equitable tolling applies where a petitioner is actively misled by the State about the claim or "is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The Court notes initially that Petitioner did not argue for equitable tolling in his Memorandum [Doc. # 13] filed in response to the Court's Show Cause Order [Doc. # 11]. Nonetheless, the Court will address Petitioner's new argument that equitable tolling should apply.

Petitioner argues that because the state courts did not rule until 2013 that his conviction in Case No. 937905 violated the double jeopardy clause, state action prevented him from asserting his rights in a federal habeas petition. Petitioner fails to explain why he could not have asserted the double jeopardy claim and the other claims asserted in this case in a federal habeas petition filed within one year after the Texas Court of Criminal Appeals denied his PDR in November 2004. Petitioner argues also that he is entitled to equitable tolling because he is actually innocent of the prior conviction used to enhance his sentence in Case No. 937904. This argument relates to the merits of his claim regarding the sentence enhancement, and does not provide a legal or factual basis for equitable tolling.

## III.     CONCLUSION AND ORDER

The Petition in this case is clearly time-barred, and Petitioner has failed to show a legal or factual basis for relief under Rule 59(e) of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that the Motion [Doc. # 16] is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 27th day of **January, 2015**.

Nancy F. Atlas
United States District Judge